UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARWIGN CALDERON-GUZMAN,
                     Plaintiff,

-v-

EFRAIN ABELLA LEMES, ADVANCE FENCE HAULING INC., and NEIKEL MILANO-ZERPA,
                     Defendants.

24-CV-9134 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    On December 10, 2024, Defendants Efrain Abella Lemes and Advance Fence Hauling, Inc. ("Advance") removed this case to federal court, relying on federal diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 8.)

    On December 16, 2024, the Court issued an order for Lemes and Advance to show cause why the case should not be remanded to state court due to several deficiencies with their notice of removal. (ECF No. 11.) These issues included: a failure to attach underlying state pleadings, *see* 28 U.S.C. § 1446(a); a failure to identify the citizenship of Plaintiff or the third named Defendant, Neikel Milano-Zerpa, *see* Loc. Civ. R. 81.1; a failure to address the issue of improper removal if Milano-Zerpa is a citizen of New York, *see* 28 U.S.C. § 1441(b)(2); and a failure to address Milano-Zerpa's necessary consent to removal, *see* 28 U.S.C. § 1446(b)(2)(A).

    On December 20, 2024, the Court received a letter from Counsel for Lemes and Advance, stating: "[U]pon further review, our office does not oppose remanding this matter to State Court." (ECF No. 12.) The letter did not address any of the identified jurisdictional or procedural issues enumerated by the Court in its previous Order.

1

Because diversity jurisdiction has not been adequately pleaded and removal was procedurally improper, the Court exercises its *sua sponte* power to remand the case back to state court.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Jimenez-Castro v. Greenwich Ins. Co.*, No. 20-CV-09210, 2020 WL 7352505, at *2 (S.D.N.Y. Dec. 15, 2020) ("The Second Circuit has held that a court can remand a case *sua sponte* under two circumstances pursuant to 28 U.S.C. § 1447(c).  A district court can remand *sua sponte* [1] on procedural grounds within thirty (30) days of the filing of the notice of removal [or]. . . [2] at any time if the district court finds that it lacks subject matter jurisdiction."); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.").

This case is thus remanded to New York Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: New York, New York
December 22, 2024

_____
J. PAUL OETKEN
United States District Judge